Attorneys for Defendant/ Counterclaimant Plaintiff:
Robert J. Basil, Esq.
THE BASIL LAW GROUP, P.C.
32 East 31st Street, 9th Floor
New York, New York 10016
Telephone: 917-994-9973
Facsimile: 831-536-1075
robertjbasil@rjbasil.com

And

Alexander Chen [SBN 245798]
(*pro hac application forthcoming*)
INHOUSE CO. LAW FIRM
7700 Irvine Center Dr., Suite 800
Irvine, California 92618
Telephone: (714) 932-6659
Facsimile: (714) 882-7770
alexc@inhouseco.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ----------------------------------------------- : | |
| : | **Case No.:** 20-cv-4340 |
| FANTASIA DISTRIBUTION, INC., : | |
| : | **DEFENDANT/** |
| Plaintiff, : | **COUNTERCLAIMANT PLAINTIFF** |
| : | **ORIENT DISTRIBUTION, INC.'S** |
| -v- : | **ANSWER, AFFIRMATIVE** |
| : | **DEFENSES AND** |
| Magellan Technology, INC., et al. : | **COUNTERCLAIMS** |
| : | |
| Defendants. : | **JURY TRIAL DEMANDED** |
| ----------------------------------------------- : | |

Defendant/Counterclaimant Plaintiff Orient Distribution, Inc. ("Orient

Distribution, Inc." or "Defendant/Counterclaimant Plaintiff"), by and through its

attorneys, hereby answers Fantasia Distribution Inc.'s ("Fantasia" or "Plaintiff")

Complaint as follows:

**ANSWER**

**COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**

1.   Defendant/Counterclaimant Plaintiff admits that the Complaint purports to set forth claims for infringement and unfair competition against the defendants listed, and that the Complaint seeks an injunction and damages. Defendant/Counterclaimant Plaintiff denies that any of these claims have merit.

**RELATED LITIGATION**

2.   Defendant/Counterclaimant Plaintiff admits that the records of the District Court for the Eastern District New York showed a Civil Action No.: 1:20-cv-2378, filed on May 28, 2020. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 2 of the Complaint.

3.   Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3 of the Complaint.

**JURISDICTION AND VENUE**

4.   Defendant/Counterclaimant Plaintiff admits the allegations in Paragraph 4 of the Complaint.

5.   Defendant/Counterclaimant Plaintiff is without knowledge as to the business activities of defendants other than Defendant/Counterclaimant Plaintiff. Defendant/Counterclaimant Plaintiff believes its products may have been sold into the State of New York.

2

6.   Defendant/Counterclaimant Plaintiff denies the allegations in Paragraph 6 of the Complaint.

7.   Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7 of the Complaint.

8.   Defendant/Counterclaimant Plaintiff denies the allegations in Paragraph 8 of the Complaint.

9.   Defendant/Counterclaimant Plaintiff denies the allegations in Paragraph 9 of the Complaint.

## PARTIES

10. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10 of the Complaint.

11. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 of the Complaint.

12. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 of the Complaint.

13. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13 of the Complaint.

14. Defendant/Counterclaimant Plaintiff denies that it has sold any "infringing" products and states for the record that its address is 11528 Harry Hines Blvd, Ste 206B, Dallas, TX,75229**.**  Defendant/Counterclaimant Plaintiff admits the remaining allegations in Paragraph 14 of the Complaint.

15. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15 of the Complaint.

16. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16 of the Complaint.

17. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 of the Complaint.

18. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18 of the Complaint.

19. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19 of the Complaint.

20. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20 of the Complaint.

21. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21 of the Complaint.

22. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22 of the Complaint.

23. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23 of the Complaint.

24. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 of the Complaint.

25. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25 of the Complaint.

26. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26 of the Complaint.

27. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27 of the Complaint.

28. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28 of the Complaint.

29. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29 of the Complaint.

30. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30 of the Complaint.

31. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31 of the Complaint.

## GENERAL ALLEGATIONS

32. Defendant/Counterclaimant Plaintiff denies that the words "ICE" or "PINK LEMONADE" function as trademarks or that they are distinctive. Defendant/Counterclaimant Plaintiff admits that the records of the United States Patent & Trademark Office indicate that Plaintiff is the owner of U.S. Trademark Registration Nos. 4600173, 3998201, and 3812330. Defendant/Counterclaimant Plaintiff denies that the U.S. Trademark Registration Nos. 4600173 and 3998201 are valid and asserts that they should be cancelled. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 32 of the Complaint.

33. Defendant/Counterclaimant Plaintiff denies that the words "ICE" or "PINK LEMONADE" have achieved secondary meaning. Defendant/Counterclaimant Plaintiff

further denies that Plaintiff's marks are valid or uncontestable. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 33 of the Complaint.

34. Defendant/Counterclaimant Plaintiff admits that the records of the United States Patent & Trademark Office indicate that Plaintiff is the owner of U.S. Trademark Registration No. 3,998,201. Defendant/Counterclaimant Plaintiff denies that the registration is valid and asserts that it should be cancelled.

35. Defendant/Counterclaimant Plaintiff admits that the records of the United States Patent & Trademark Office indicate that Plaintiff is the owner of U.S. Trademark Registration No. 4,600,173. Defendant/Counterclaimant Plaintiff denies that the registration is valid and asserts that it should be cancelled.

36. Defendant/Counterclaimant Plaintiff admits that the records of the United States Patent & Trademark Office indicate that Plaintiff is the owner of U.S. Trademark Registration No. 3,812,330.

37. Defendant/Counterclaimant Plaintiff admits it has sold vaping products bearing the word "ICED" or "ICE." To the extent that Paragraph 37 is directed at Defendant/Counterclaimant Plaintiff, it denies the remaining allegations in Paragraph 37 of the Complaint. To the extent that Paragraph 37 is directed at other defendants, Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

38. Defendant/Counterclaimant Plaintiff admits it competes with Fantasia. Defendant/Counterclaimant Plaintiff denies the remaining allegations in Paragraph 38 of the Complaint.

39. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39 of the Complaint.

## COUNT I
## Federal Trademark Infringement
## Magellan - ICED

40. In response to Paragraph 40, Defendant/Counterclaimant Plaintiff incorporates its answers to Paragraphs 1-39 of the Complaint.

41. Paragraph 41 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 of the Complaint.

42. Paragraph 42 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. To the extent Paragraph 42 asserts that Fantasia has any trademark rights in the word "ICE," Defendant/Counterclaimant Plaintiff denies the allegations. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 42 of the Complaint.

43. Paragraph 43 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff admits that the records of the United States Patent & Trademark Office indicate that Plaintiff is the owner of U.S.

Trademark Registration Nos. 3,998,201 and 4,600,173. Defendant/Counterclaimant Plaintiff denies that the registrations are valid and asserts that they should be cancelled. To the extent Paragraph 43 asserts that Fantasia has any trademark rights in the word "ICE," Defendant/Counterclaimant Plaintiff denies the allegations. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 43 of the Complaint.

44. Paragraph 44 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. To the extent Paragraph 44 asserts that Fantasia has any trademark rights in the word "ICE," Defendant/Counterclaimant Plaintiff denies the allegations. Defendant/Counterclaimant Plaintiff lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 44 of the Complaint.

45. Paragraph 45 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. To the extent Paragraph 45 asserts that Fantasia has any trademark rights in the word "ICE," Defendant/Counterclaimant Plaintiff denies the allegations. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 45 of the Complaint.

**COUNT II**
**Federal Trademark Infringement**
**Vape Ezee - ICE and ICED**

46. In response to Paragraph 46, Defendants incorporate their answers to Paragraphs 1-45 of the Complaint.

47. Paragraph 47 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 47 of the Complaint.

48. Paragraph 48 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. To the extent Paragraph 48 asserts that Fantasia has any trademark rights in the word "ICE," Defendant/Counterclaimant Plaintiff denies the allegations. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 48 of the Complaint.

49. Paragraph 49 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff admits that the records of the United States Patent & Trademark Office indicate that Plaintiff is the owner of U.S. Trademark Registration Nos. 3,998,201 and 4,600,173. Defendant/Counterclaimant Plaintiff denies that the registrations are valid and asserts that they should be cancelled. To the extent Paragraph 49 asserts that Fantasia has any trademark rights in the word

9

"ICE," Defendant/Counterclaimant Plaintiff denies the allegations. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 49 of the Complaint.

50. Paragraph 50 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 50 of the Complaint.

51. Paragraph 51 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 51 of the Complaint.

## COUNT III
## Federal Trademark Infringement
## ECS Global- ICE

52. In response to Paragraph 52, Defendant/Counterclaimant Plaintiff incorporates its answers to Paragraphs 1-51 of the Complaint.

53. Paragraph 53 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 53 of the Complaint.

54. Paragraph 54 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. To the extent Paragraph 54 asserts that Fantasia has any trademark rights in the word "ICE," Defendant/Counterclaimant Plaintiff denies the allegations. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 54 of the Complaint.

55. Paragraph 55 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff admits that the records of the United States Patent & Trademark Office indicate that Plaintiff is the owner of U.S. Trademark Registration Nos. 3,998,201 and 4,600,173. Defendant/Counterclaimant Plaintiff denies that the registrations are valid and asserts that they should be cancelled. To the extent Paragraph 55 asserts that Fantasia has any trademark rights in the word "ICE," Defendant/Counterclaimant Plaintiff denies the allegations. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 55 of the Complaint.

56. Paragraph 56 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. To the extent Paragraph 56 asserts that Fantasia has any trademark rights in the word "ICE," Defendant/Counterclaimant Plaintiff denies the allegations. Defendant/Counterclaimant Plaintiff lack knowledge or information

sufficient to form a belief about the truth of the remaining allegations in Paragraph 56 of the Complaint.

57. Paragraph 57 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 57 of the Complaint.

## COUNT IV
### Federal Trademark Infringement
### Orient Distribution- ICE and ICED

58. In response to Paragraph 58, Defendant/Counterclaimant Plaintiff incorporates its answers to Paragraphs 1-57 of the Complaint.

59. Defendant/Counterclaimant Plaintiff admits it has sold products, listed in Exhibit H and admits the allegations in Paragraph 59 of the Complaint.

60.  Defendant/Counterclaimant Plaintiff admits it uses descriptive words like "ICE" or "ICED" to describe its products. Defendant/Counterclaimant Plaintiff denies it uses Plaintiff's marks. To the extent Paragraph 60 asserts that Fantasia has any trademark rights in the word "ICE," Defendant/Counterclaimant Plaintiff denies the allegations. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 60 of the Complaint.

61. Defendant/Counterclaimant Plaintiff admits that the records of the United States Patent & Trademark Office indicate that Plaintiff is the owner of U.S. Trademark Registration Nos. 3,998,201 and 4,600,173. Defendant/Counterclaimant Plaintiff denies

that the registrations are valid and asserts that they should be cancelled. To the extent Paragraph 61 asserts that Fantasia has any trademark rights in the word "ICE," Defendant/Counterclaimant Plaintiff denies the allegations. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 61 of the Complaint.

62. To the extent Paragraph 62 asserts that Fantasia has any trademark rights in the word "ICE," Defendant/Counterclaimant Plaintiff denies the allegations. Defendant/Counterclaimant Plaintiff lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 62 of the Complaint.

63. To the extent Paragraph 63 asserts that Fantasia has any trademark rights in the word "ICE," Defendant/Counterclaimant Plaintiff denies the allegations. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 63 of the Complaint.

## COUNT V
### Federal Trademark Infringement
### US Global - ICE and ICY

64. In response to Paragraph 64, Defendant/Counterclaimant Plaintiff incorporates its answers to Paragraphs 1-63 of the Complaint.

65. Paragraph 65 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 65 of the Complaint.

13

66. Paragraph 66 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. To the extent Paragraph 66 asserts that Fantasia has any trademark rights in the word "ICE," Defendant/Counterclaimant Plaintiff denies the allegations. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 66 of the Complaint.

67. Paragraph 67 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff admits that the records of the United States Patent & Trademark Office indicate that Plaintiff is the owner of U.S. Trademark Registration Nos. 3,998,201 and 4,600,173. Defendant/Counterclaimant Plaintiff denies that the registrations are valid and assert that they should be cancelled. To the extent Paragraph 67 asserts that Fantasia has any trademark rights in the word "ICE," Defendant/Counterclaimant Plaintiff denies the allegations. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 67 of the Complaint.

68. Paragraph 68 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. To the extent Paragraph 68 asserts that Fantasia has any trademark rights in the word "ICE," Defendant/Counterclaimant Plaintiff denies the allegations. Defendant/Counterclaimant Plaintiff lacks knowledge or information

sufficient to form a belief about the truth of the remaining allegations in Paragraph 68 of the Complaint.

69. Paragraph 69 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 69 of the Complaint.

**COUNT VI**
**Federal Trademark Infringement**
**World Wide Vape - ICE and ICED**

70. In response to Paragraph 70, Defendant/Counterclaimant Plaintiff incorporates its answers to Paragraphs 1-69 of the Complaint.

71. Paragraph 71 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 71 of the Complaint.

72. Paragraph 72 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. To the extent Paragraph 72 asserts that Fantasia has any trademark rights in the word "ICE," Defendant/Counterclaimant Plaintiff denies the allegations. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 72 of the Complaint.

73. Paragraph 73 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff admits that the records of the United States Patent & Trademark Office indicate that Plaintiff is the owner of U.S. Trademark Registration Nos. 3,998,201 and 4,600,173. Defendant/Counterclaimant Plaintiff denies that the registrations are valid and assert that they should be cancelled. To the extent Paragraph 73 asserts that Fantasia has any trademark rights in the word "ICE," Defendant/Counterclaimant Plaintiff denies the allegations. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 73 of the Complaint.

74. Paragraph 74 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. To the extent Paragraph 74 asserts that Fantasia has any trademark rights in the word "ICE," Defendant/Counterclaimant Plaintiff denies the allegations. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 74 of the Complaint.

75. Paragraph 75 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 75 of the Complaint.

**COUNT VII**
**Federal Trademark Infringement**
**A.K. Wholesale - ICE and ICED**

76. In response to Paragraph 76, Defendant/Counterclaimant Plaintiff incorporate its answers to Paragraphs 1-75 of the Complaint.

77. Paragraph 77 does not appear to be directed at Defendant/Counterclaimant Plaintiff; however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 77 of the Complaint.

78. Paragraph 78 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. To the extent Paragraph 78 asserts that Fantasia has any trademark rights in the word "ICE," Defendant/Counterclaimant Plaintiff denies the allegations. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 78 of the Complaint.

79. Paragraph 79 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff admits that the records of the United States Patent & Trademark Office indicate that Plaintiff is the owner of U.S. Trademark Registration Nos. 3,998,201 and 4,600,173. Defendant/Counterclaimant Plaintiff denies that the registrations are valid and assert that they should be cancelled. To the extent Paragraph 79 asserts that Fantasia has any trademark rights in the word "ICE,"

17

Defendant/Counterclaimant Plaintiff denies the allegations. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 79 of the Complaint.

80. Paragraph 80 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. To the extent Paragraph 80 asserts that Fantasia has any trademark rights in the word "ICE," Defendant/Counterclaimant Plaintiff denies the allegations. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 80 of the Complaint.

81. Paragraph 81 does not appear to be directed at Defendant/Counterclaimant Plaintiff; however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 81 of the Complaint.


**COUNT VIII**
**Federal Trademark Infringement**
**LA Vapor and LA Vapor Retail - ICE and ICED**


82. In response to Paragraph 82, Defendant/Counterclaimant Plaintiff incorporates its answers to Paragraphs 1-81 of the Complaint.

83. Paragraph 83 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff lacks knowledge or

information sufficient to form a belief about the truth of the remaining allegations in Paragraph 83 of the Complaint.

84. Paragraph 84 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. To the extent Paragraph 84 asserts that Fantasia has any trademark rights in the word "ICE," Defendant/Counterclaimant Plaintiff denies the allegations. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 84 of the Complaint.

85. Paragraph 85 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff admits that the records of the United States Patent & Trademark Office indicate that Plaintiff is the owner of U.S. Trademark Registration Nos. 3,998,201 and 4,600,173. Defendant/Counterclaimant Plaintiff denies that the registrations are valid and assert that they should be cancelled. To the extent Paragraph 85 asserts that Fantasia has any trademark rights in the word "ICE," Defendant/Counterclaimant Plaintiff denies the allegations. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 85 of the Complaint.

86. Paragraph 86 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. To the extent Paragraph 86 asserts that Fantasia has any trademark rights in the word "ICE," Defendant/Counterclaimant Plaintiff denies the

allegations. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 86 of the Complaint.

87. Paragraph 87 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 87 of the Complaint.

## COUNT IX
## Federal Trademark Infringement
## Demand Vape - ICE and ICED

88. In response to Paragraph 88, Defendant/Counterclaimant Plaintiff incorporates its answers to Paragraphs 1-87 of the Complaint.

89. Paragraph 89 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 89 of the Complaint.

90. Paragraph 90 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. To the extent Paragraph 90 asserts that Fantasia has any trademark rights in the word "ICE," Defendant/Counterclaimant Plaintiff denies the allegations. Defendant/Counterclaimant Plaintiff lacks knowledge or information

sufficient to form a belief about the truth of the remaining allegations in Paragraph 90 of the Complaint.

91. Paragraph 91 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff admits that the records of the United States Patent & Trademark Office indicate that Plaintiff is the owner of U.S. Trademark Registration Nos. 3,998,201 and 4,600,173. Defendant/Counterclaimant Plaintiff denies that the registrations are valid and assert that they should be cancelled. To the extent Paragraph 91 asserts that Fantasia has any trademark rights in the word "ICE," Defendant/Counterclaimant Plaintiff denies the allegations. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 91 of the Complaint.

92. Paragraph 92 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. To the extent Paragraph 92 asserts that Fantasia has any trademark rights in the word "ICE," Defendant/Counterclaimant Plaintiff denies the allegations. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 92 of the Complaint.

93. Paragraph 93 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff lacks knowledge or

information sufficient to form a belief about the truth of the allegations in Paragraph 93 of the Complaint.

## COUNT X
### Federal Trademark Infringement
### Eliquidstop - ICE and ICED

94. In response to Paragraph 94, Defendant/Counterclaimant Plaintiff incorporates its answers to Paragraphs 1-93 of the Complaint.

95. Paragraph 95 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 95 of the Complaint.

96. Paragraph 96 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. To the extent Paragraph 96 asserts that Fantasia has any trademark rights in the word "ICE," Defendant/Counterclaimant Plaintiff denies the allegations. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 96 of the Complaint.

97. Paragraph 97 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff admits that the records of the United States Patent & Trademark Office indicate that Plaintiff is the owner of U.S.

Trademark Registration Nos. 3,998,201 and 4,600,173. Defendant/Counterclaimant Plaintiff denies that the registrations are valid and assert that they should be cancelled. To the extent Paragraph 97 asserts that Fantasia has any trademark rights in the word "ICE," Defendant/Counterclaimant Plaintiff denies the allegations. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 97 of the Complaint.

98. Paragraph 98 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. To the extent Paragraph 98 asserts that Fantasia has any trademark rights in the word "ICE," Defendant/Counterclaimant Plaintiff denies the allegations. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 98 of the Complaint.

99. Paragraph 99 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 99 of the Complaint.

**COUNT XI**
**Federal Trademark Infringement**
**Midwest Distribution - ICE**

100.       In response to Paragraph 100, Defendant/Counterclaimant Plaintiff incorporates its answers to Paragraphs 1-99 of the Complaint.

101.     Paragraph 101 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 101 of the Complaint.

102.     Paragraph 102 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. To the extent Paragraph 102 asserts that Fantasia has any trademark rights in the word "ICE," Defendant/Counterclaimant Plaintiff denies the allegations. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 102 of the Complaint.

103.     Paragraph 103 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff admits that the records of the United States Patent & Trademark Office indicate that Plaintiff is the owner of U.S. Trademark Registration Nos. 3,998,201 and 4,600,173. Defendant/Counterclaimant Plaintiff denies that the registrations are valid and assert that they should be cancelled. To the extent Paragraph 103 asserts that Fantasia has any trademark rights in the word "ICE," Defendant/Counterclaimant Plaintiff denies the allegations. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 103 of the Complaint.

104.      Paragraph 104 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. To the extent Paragraph 104 asserts that Fantasia has any trademark rights in the word "ICE," Defendant/Counterclaimant Plaintiff denies the allegations. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 104 of the Complaint.

105.      Paragraph 105 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 105 of the Complaint.

**COUNT XII**
**Federal Trademark Infringement**
**Puff E-Cig - ICE and ICED**

106.      In response to Paragraph 106, Defendant/Counterclaimant Plaintiff incorporates its answers to Paragraphs 1-105 of the Complaint.

107.      Paragraph 107 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 107 of the Complaint.

108.      Paragraph 108 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required,

Defendant/Counterclaimant Plaintiff states as follows. To the extent Paragraph 108

asserts that Fantasia has any trademark rights in the word "ICE,"

Defendant/Counterclaimant Plaintiff denies the allegations. Defendant/Counterclaimant

Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the

remaining allegations in Paragraph 108 of the Complaint.

109.     Paragraph 109 does not appear to be directed at

Defendant/Counterclaimant Plaintiff, however, to the extent a response is required,

Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant

Plaintiff admits that the records of the United States Patent & Trademark Office indicate

that Plaintiff is the owner of U.S. Trademark Registration Nos. 3,998,201 and 4,600,173.

Defendant/Counterclaimant Plaintiff denies that the registrations are valid and assert that

they should be cancelled. To the extent Paragraph 109 asserts that Fantasia has any

trademark rights in the word "ICE," Defendant/Counterclaimant Plaintiff denies the

allegations. Defendant/Counterclaimant Plaintiff lacks knowledge or information

sufficient to form a belief about the truth of the remaining allegations in Paragraph 109 of

the Complaint.

110.     Paragraph 110 does not appear to be directed at

Defendant/Counterclaimant Plaintiff, however, to the extent a response is required,

Defendant/Counterclaimant Plaintiff states as follows. To the extent Paragraph 110

asserts that Fantasia has any trademark rights in the word "ICE,"

Defendant/Counterclaimant Plaintiff denies the allegations. Defendant/Counterclaimant

Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the

remaining allegations in Paragraph 110 of the Complaint.

111.      Paragraph 111 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 111 of the Complaint.

## COUNT XIII
## Federal Trademark Infringement
## Indigo Distribution - ICE and ICED

112.      In response to Paragraph 112, Defendant/Counterclaimant Plaintiff incorporates its answers to Paragraphs 1-111 of the Complaint.

113.      Paragraph 113 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 113 of the Complaint.

114.      Paragraph 114 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. To the extent Paragraph 114 asserts that Fantasia has any trademark rights in the word "ICE," Defendant/Counterclaimant Plaintiff denies the allegations. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 114 of the Complaint.

115.      Paragraph 115 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required,

Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff admits that the records of the United States Patent & Trademark Office indicate that Plaintiff is the owner of U.S. Trademark Registration Nos. 3,998,201 and 4,600,173. Defendant/Counterclaimant Plaintiff denies that the registrations are valid and assert that they should be cancelled. To the extent Paragraph 115 asserts that Fantasia has any trademark rights in the word "ICE," Defendant/Counterclaimant Plaintiff denies the allegations. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 115 of the Complaint.

116.     Paragraph 116 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. To the extent Paragraph 116 asserts that Fantasia has any trademark rights in the word "ICE," Defendant/Counterclaimant Plaintiff denies the allegations. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 116 of the Complaint.

117.     Paragraph 117 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 117 of the Complaint.

**COUNT XVI**
**Federal Trademark Infringement**
**IE Vapor- ICE and ICED**

28

118.     In response to Paragraph 118, Defendant/Counterclaimant Plaintiff incorporates its answers to Paragraphs 1-117 of the Complaint.

119.     Paragraph 119 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 119 of the Complaint.

120.     Paragraph 120 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. To the extent Paragraph 120 asserts that Fantasia has any trademark rights in the word "ICE," Defendant/Counterclaimant Plaintiff denies the allegations. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 120 of the Complaint.

121.     Paragraph 121 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff admits that the records of the United States Patent & Trademark Office indicate that Plaintiff is the owner of U.S. Trademark Registration Nos. 3,998,201 and 4,600,173. Defendant/Counterclaimant Plaintiff denies that the registrations are valid and assert that they should be cancelled. To the extent Paragraph 121 asserts that Fantasia has any trademark rights in the word "ICE," Defendant/Counterclaimant Plaintiff denies the allegations. Defendant/Counterclaimant Plaintiff lacks knowledge or information

sufficient to form a belief about the truth of the remaining allegations in Paragraph 121 of the Complaint.

122.     Paragraph 122 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. To the extent Paragraph 122 asserts that Fantasia has any trademark rights in the word "ICE," Defendant/Counterclaimant Plaintiff denies the allegations. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 122 of the Complaint.

123.     Paragraph 123 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 123 of the Complaint.

**COUNT XV**
**Federal Trademark Infringement**
**Smoke Tokes - ICE**

124.     In response to Paragraph 124, Defendant/Counterclaimant Plaintiff incorporates its answers to Paragraphs 1-123 of the Complaint.

125.     Paragraph 125 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 125 of the Complaint.

126.     Paragraph 126 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. To the extent Paragraph 126 asserts that Fantasia has any trademark rights in the word "ICE," Defendant/Counterclaimant Plaintiff denies the allegations. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 126 of the Complaint.

127.     Paragraph 127 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff admits that the records of the United States Patent & Trademark Office indicate that Plaintiff is the owner of U.S. Trademark Registration Nos. 3,998,201 and 4,600,173. Defendant/Counterclaimant Plaintiff denies that the registrations are valid and assert that they should be cancelled. To the extent Paragraph 127 asserts that Fantasia has any trademark rights in the word "ICE," Defendant/Counterclaimant Plaintiff denies the allegations. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 127 of the Complaint.

128.     Paragraph 128 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. To the extent Paragraph 128 asserts that Fantasia has any trademark rights in the word "ICE," Defendant/Counterclaimant Plaintiff denies the allegations. Defendant/Counterclaimant

Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 128 of the Complaint.

129.　　　Paragraph 129 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 129 of the Complaint.

## COUNT XVI
### Federal Trademark Infringement
### HS Wholesale - ICE and ICED

130.　　　In response to Paragraph 130, Defendant/Counterclaimant Plaintiff incorporates its answers to Paragraphs 1-129 of the Complaint.

131.　　　Paragraph 131 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 131 of the Complaint.

132.　　　Paragraph 132 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. To the extent Paragraph 132 asserts that Fantasia has any trademark rights in the word "ICE," Defendant/Counterclaimant Plaintiff denies the allegations. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 132 of the Complaint.

133.     Paragraph 133 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff admits that the records of the United States Patent & Trademark Office indicate that Plaintiff is the owner of U.S. Trademark Registration Nos. 3,998,201 and 4,600,173. Defendant/Counterclaimant Plaintiff denies that the registrations are valid and assert that they should be cancelled. To the extent Paragraph 133 asserts that Fantasia has any trademark rights in the word "ICE," Defendant/Counterclaimant Plaintiff denies the allegations. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 133 of the Complaint.

134.     Paragraph 134 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. To the extent Paragraph 134 asserts that Fantasia has any trademark rights in the word "ICE," Defendant/Counterclaimant Plaintiff denies the allegations. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 134 of the Complaint.

135.     Paragraph 135 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 135 of the Complaint.

## COUNT XVII
### Federal Trademark Infringement
### Adalya - ICE

136.     In response to Paragraph 136, Defendant/Counterclaimant Plaintiff incorporates its answers to Paragraphs 1-135 of the Complaint.

137.     Paragraph 137 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 137 of the Complaint.

138.     Paragraph 138 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. To the extent Paragraph 138 asserts that Fantasia has any trademark rights in the word "ICE," Defendant/Counterclaimant Plaintiff denies the allegations. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 138 of the Complaint.

139.     Paragraph 139 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff admits that the records of the United States Patent & Trademark Office indicate that Plaintiff is the owner of U.S. Trademark Registration Nos. 3,998,201 and 4,600,173. Defendant/Counterclaimant Plaintiff denies that the registrations are valid and assert that they should be cancelled. To the extent Paragraph 139 asserts that Fantasia has any

34

trademark rights in the word "ICE," Defendant/Counterclaimant Plaintiff denies the allegations. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 139 of the Complaint.

140.     Paragraph 140 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. To the extent Paragraph 140 asserts that Fantasia has any trademark rights in the word "ICE," Defendant/Counterclaimant Plaintiff denies the allegations. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 140 of the Complaint.

141.     Paragraph 141 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 141 of the Complaint.

### COUNT XVIII
### Federal Trademark Infringement
### Magellan - PINK LEMONADE

142.     In response to Paragraph 142, Defendant/Counterclaimant Plaintiff incorporates its answers to Paragraphs 1-141 of the Complaint.

143.     Paragraph 143 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant

Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 143 of the Complaint.

144.     Paragraph 144 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 144 of the Complaint.

145.     Paragraph 145 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 145 of the Complaint.

146.     Paragraph 146 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 146 of the Complaint.

147.     Paragraph 147 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 147 of the Complaint.

## COUNT XIX
## Federal Trademark Infringement

**Vape Ezee - PINK LEMONADE**

148.     In response to Paragraph 148, Defendant/Counterclaimant Plaintiff incorporates its answers to Paragraphs 1-147 of the Complaint.

149.     Paragraph 149 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 149 of the Complaint.

150.     Paragraph 150 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 150 of the Complaint.

151.     Paragraph 151 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 151 of the Complaint.

152.     Paragraph 152 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 152 of the Complaint.

153.     Paragraph 153 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 153 of the Complaint.

**COUNT XX**
**Federal Trademark Infringement**
**US Global - PINK LEMONADE**

154.     In response to Paragraph 154, Defendant/Counterclaimant Plaintiff incorporates its answers to Paragraphs 1-153 of the Complaint.

155.     Paragraph 155 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 155 of the Complaint.

156.     Paragraph 156 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 156 of the Complaint.

157.     Paragraph 157 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant

Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 157 of the Complaint.

158.     Paragraph 158 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 158 of the Complaint.

159.     Paragraph 159 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 159 of the Complaint.

## COUNT XXI
## Federal Trademark Infringement
## World Wide Vape - PINK LEMONADE

160.     In response to Paragraph 160, Defendant/Counterclaimant Plaintiff incorporates its answers to Paragraphs 1-159 of the Complaint.

161.     Paragraph 161 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant

Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 161 of the Complaint.

162.     Paragraph 162 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 162 of the Complaint.

163.     Paragraph 163 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 163 of the Complaint.

164.     Paragraph 164 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 164 of the Complaint.

165.     Paragraph 165 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 165 of the Complaint.

## COUNT XXII
## Federal Trademark Infringement

**A.K. Wholesale - PINK LEMONADE**

166.     In response to Paragraph 166, Defendant/Counterclaimant Plaintiff incorporates its answers to Paragraphs 1-165 of the Complaint.

167.     Paragraph 167 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 167 of the Complaint.

168.     Paragraph 168 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 168 of the Complaint.

169.     Paragraph 169 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 169 of the Complaint.

170.     Paragraph 170 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 170 of the Complaint.

171.     Paragraph 171 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 171 of the Complaint.

**COUNT XXIII**
**Federal Trademark Infringement**
**LA Vapor & LA Vapor Retail - PINK LEMONADE**

172.     In response to Paragraph 172, Defendant/Counterclaimant Plaintiff incorporates its answers to Paragraphs 1-171 of the Complaint.

173.     Paragraph 173 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 173 of the Complaint.

174.     Paragraph 174 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 174 of the Complaint.

175.     Paragraph 175 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant

Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the

allegations in Paragraph 175 of the Complaint.

176.     Paragraph 176 does not appear to be directed at

Defendant/Counterclaimant Plaintiff, however, to the extent a response is required,

Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant

Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the

allegations in Paragraph 176 of the Complaint.

177.     Paragraph 177 does not appear to be directed at

Defendant/Counterclaimant Plaintiff, however, to the extent a response is required,

Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant

Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the

allegations in Paragraph 177 of the Complaint.

## COUNT XIV
### Federal Trademark Infringement
### Demand Vape - PINK LEMONADE

178.     In response to Paragraph 178, Defendant/Counterclaimant Plaintiff

incorporates its answers to Paragraphs 1-177 of the Complaint.

179.     Paragraph 179 does not appear to be directed at

Defendant/Counterclaimant Plaintiff, however, to the extent a response is required,

Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant

Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 179 of the Complaint.

180.    Paragraph 180 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 180 of the Complaint.

181.    Paragraph 181 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 181 of the Complaint.

182.    Paragraph 182 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 182 of the Complaint.

183.    Paragraph 183 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 183 of the Complaint.

## COUNT XXV
## Federal Trademark Infringement

## Eliquidstop  - PINK LEMONADE

184.     In response to Paragraph 184, Defendant/Counterclaimant Plaintiff incorporates its answers to Paragraphs 1-183 of the Complaint.

185.     Paragraph 185 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 185 of the Complaint.

186.     Paragraph 186 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 186 of the Complaint.

187.     Paragraph 187 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 187 of the Complaint.

188.     Paragraph 188 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 188 of the Complaint.

189.    Paragraph 189 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 189 of the Complaint.

## COUNT XXVI
## Federal Trademark Infringement
## Puff E-Cig - PINK LEMONADE

190.    In response to Paragraph 190, Defendant/Counterclaimant Plaintiff incorporates its answers to Paragraphs 1-189 of the Complaint.

191.    Paragraph 191 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 191 of the Complaint.

192.    Paragraph 192 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 192 of the Complaint.

193.    Paragraph 193 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant

Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 193 of the Complaint.

194.     Paragraph 194 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 194 of the Complaint.

195.     Paragraph 195 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 195 of the Complaint.

## COUNT XXVII
## Federal Trademark Infringement
## IE Vapor - PINK LEMONADE

196.     In response to Paragraph 196, Defendant/Counterclaimant Plaintiff incorporates its answers to Paragraphs 1-195 of the Complaint.

197.     Paragraph 197 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant

47

Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 197 of the Complaint.

198.     Paragraph 198 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 198 of the Complaint.

199.     Paragraph 199 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 199 of the Complaint.

200.     Paragraph 200 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 200 of the Complaint.

201.     Paragraph 201 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 201 of the Complaint.

**COUNT XXVIII**
**Federal Trademark Infringement**

**HS Wholesale - PINK LEMONADE**

202.    In response to Paragraph 202, Defendant/Counterclaimant Plaintiff incorporates its answers to Paragraphs 1-201 of the Complaint.

203.    Paragraph 203 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 203 of the Complaint.

204.    Paragraph 204 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 204 of the Complaint.

205.    Paragraph 205 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 205 of the Complaint.

206.    Paragraph 206 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 206 of the Complaint.

207.     Paragraph 207 does not appear to be directed at Defendant/Counterclaimant Plaintiff, however, to the extent a response is required, Defendant/Counterclaimant Plaintiff states as follows. Defendant/Counterclaimant Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 207 of the Complaint.

## COUNT XXIX
### Federal Unfair Competition

208.     In response to Paragraph 208, Defendant/Counterclaimant Plaintiff incorporates its answers to Paragraphs 1-208 of the Complaint.

209.     Defendant/Counterclaimant Plaintiff denies the allegations in Paragraph 209 of the Complaint.

210.     Defendant/Counterclaimant Plaintiff denies the allegations in Paragraph 210 of the Complaint.

211.     Defendant/Counterclaimant Plaintiff denies the allegations in Paragraph 211 of the Complaint.

212.     Defendant/Counterclaimant Plaintiff denies the allegations in Paragraph 212 of the Complaint.

## COUNT XXX
### Unfair and Deceptive Trade Practices

213.     In response to Paragraph 213, Defendant/Counterclaimant Plaintiff incorporates its answers to Paragraphs 1-212 of the Complaint.

214.     Defendant/Counterclaimant Plaintiff denies the allegations in Paragraph 214 of the Complaint.

215.     Defendant/Counterclaimant Plaintiff denies the allegations in Paragraph 215 of the Complaint.

216.     Defendant/Counterclaimant Plaintiff denies the allegations in Paragraph 216 of the Complaint.

## COUNT XXXI
## Common Law Trademark Infringement and Unfair Competition

217.     In response to Paragraph 217, Defendant/Counterclaimant Plaintiff incorporates its answers to Paragraphs 1-216 of the Complaint.

218.     Defendant/Counterclaimant Plaintiff denies the allegations in Paragraph 218 of the Complaint.

219.     Defendant/Counterclaimant Plaintiff denies the allegations in Paragraph 219 of the Complaint.

220.     Defendant/Counterclaimant Plaintiff denies the allegations in Paragraph 220 of the Complaint.

221.     Defendant/Counterclaimant Plaintiff denies the allegations in Paragraph 221 of the Complaint.

## COUNT XXXII
## Unfair Competition Under New York Law

222.     In response to Paragraph 222, Defendant/Counterclaimant Plaintiff incorporates its answers to Paragraphs 1-221 of the Complaint.

223.     Defendant/Counterclaimant Plaintiff denies the allegations in Paragraph 223 of the Complaint.

224.     Defendant/Counterclaimant Plaintiff denies the allegations in Paragraph 224 of the Complaint.

225.     Defendant/Counterclaimant Plaintiff denies the allegations in Paragraph 225 of the Complaint.

226.     Defendant/Counterclaimant Plaintiff denies the allegations in Paragraph 226 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred because the terms "ice" and "iced" are generic for vaping product flavors, and thus the terms "ice" and "iced" cannot serve as trademarks.

### THIRD DEFENSE

Plaintiff's claims are barred because the uses of the mark at issue are descriptive and not trademark uses.

### FOURTH DEFENSE

Plaintiff's claims against Defendant/Counterclaimant Plaintiff are barred because it does not have any control over the marks at issue.

### FIFTH DEFENSE

52

Plaintiff's claims against Defendant/Counterclaimant Plaintiff are barred because it did not endorse, approve, or otherwise control the flavoring names at issue.

## SIXTH DEFENSE

Plaintiff's claims are barred because Defendant/Counterclaimant Plaintiff's conduct did not cause and was not likely to cause confusion or mistake, and was not intended to deceive.

## SEVENTH DEFENSE

Plaintiff's claims are barred because Plaintiff cannot show secondary meaning.

## EIGHTH DEFENSE

Plaintiff's claim for damages is barred because Plaintiff cannot show the availability of statutory damages; nor can they show any financial injury or loss attributable to the acts set forth in the Complaint.

## NINTH DEFENSE

Plaintiff's claim for injunctive relief is barred because Plaintiff cannot show that Defendant/Counterclaimant Plaintiff will continue to engage in any of the acts complained of in the Complaint.

## TENTH DEFENSE

Plaintiff's claims were brought in an improper venue. Neither Plaintiff nor Defendant/Counterclaimant Plaintiff resides in this district, and no documents or witnesses are located in this district.

## ELEVENTH DEFENSE

Plaintiff's claims were brought in a district that does not have personal jurisdiction over Defendant/Counterclaimant Plaintiff. Defendant/Counterclaimant Plaintiff does not reside in, conduct substantial business in, or target any activities, towards the Eastern District of New York.

Defendant/Counterclaimant Plaintiff reserves the right to assert additional defenses if they are further disclosed during discovery.

## PRAYER FOR RELIEF

Defendant/Counterclaimant Plaintiff denies that Plaintiff is entitled to any relief and request that this Court dismiss Plaintiff's Complaint with prejudice. Any and all allegations of Plaintiff's Complaint not specifically admitted herein are hereby denied.

## COUNTERCLAIMS

## COUNT I
## CANCELLATION OF FEDERAL TRADEMARK REGISTRATION 4,600,173 BASED ON FRAUD ON THE TRADEMARK OFFICE

For its counterclaims against Plaintiff/Counterclaimant Defendant Fantasia Distribution, Inc. ("Fantasia"), Defendant/Counterclaimant Plaintiff Orient Distribution, Inc. ("Defendant/Counterclaimant Plaintiff") states as follows:

**1.**   This is an action for trademark cancellation under the trademark and service mark laws of the United States, specifically 15 U.S.C. § 1119. ("Lanham Act").

2.   Defendant/Counterclaimant Plaintiff is a Texas Corporation with its principal place of business in Texas.

3.   This Court has personal jurisdiction over the parties to this action and venue is proper in this Court because Fantasia has submitted to this Court's jurisdiction by filing the Complaint against Orient Distribution, Inc., *et al* in this district.

4.   This action arises under the trademark laws of the United States. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. § 1121(a).

5.   On September 16, 2020, Fantasia filed a Complaint ("the Complaint") which initiated this Civil Action No. 20-4340.

6.   In its Complaint, Fantasia alleges that it owns U.S. Trademark Registration No. 4,600,173 for "ICE" in connection with "Hookah tobacco; **Molasses tobacco**; [S]moking tobacco; tobacco." (emphasis added).

7.   In its Complaint, Fantasia also alleges that it owns U.S. Trademark Registration No. 4,600,173 for "ICE" in connection with "Electronic hookah liquid (e-liquid) consisting of flavorings in liquid form used to fill electronic hookahs or electronic hookah cartridges; Vapor liquid consisting of flavorings in liquid form used to fill electronic cigarette vaporizers or vaporizing cigarette cartridges" and with "Hookah

tobacco; Herbal molasses; Herbs for smoking; Molasses tobacco; Smoking molasses;
Shisha; Vapor stones for electronic hookahs; Electronic hookahs; **Cartomizers, namely,**
**combination electronic cigarette refill cartridges sold empty** and atomizers, sold as a
component of electronic cigarettes" (emphasis added).

8. U.S. Trademark Registration 4,600,173 is referred to as the "ICE Registration."

9. In its complaint, Fantasia asserts that the ICE Registration provide Fantasia with a
legal right to exclude others, including Defendant/Counterclaimant Plaintiff, from using
the word "ICE" or "ICED" as descriptions of flavors for e-cigarette or vaping products.

10. In its complaint, Fantasia has asserted that Defendant/Counterclaimant Plaintiff is
infringing on the ICE Registration, and has asserted claims for federal trademark
infringement against it.

11. Defendant/Counterclaimant Plaintiff has denied that Fantasia has any legal right
to exclude them from using the words "ice" or "iced" to describe e-cigarette or e-juice
flavors.

12. Defendant/Counterclaimant Plaintiff seeks to cancel the ICE Registration on the
grounds that, on information and belief, it was obtained as a result of knowingly making
false statements about the use of the Marks, which were made with the intent to deceive
the USPTO and constitute fraud on the USPTO.

13. On May 25, 2020, Fantasia filed its Declaration Combined Declaration of Use and
Incontestability under Sections 8 & 15 ("Section 8 & 15") dated for Reg. No. 4,600,173,
in which it declared that "the mark is in use in commerce on or in connection with **all** of
the goods/**all** of the services, or to indicate membership in the collective membership
organization, listed in the existing registration... **and** the mark has been continuously

used in commerce for five (5) consecutive years after the date of registration, or the date of publication under Section 12(c), and is still in use in commerce on or in connection with **all** goods/**all** services…"

14. It appears from publicly available information that Fantasia has not used its marks in commerce on or in connection with all of the goods listed. On information and belief, Fantasia intentionally withheld from the Patent and Trademark Office that it does not use its mark in commerce on or in connection with the goods for "**Molasses tobacco**" and "**Cartomizers, namely, combination electronic cigarette refill cartridges <u>sold empty</u>." (emphasis added).**

15. On information and belief, Fantasia uses the mark in commerce on or in connection with goods containing "Molasses" or with "Tobacco" as separate products; however, Fantasia does not use its mark in commerce on or in connection with goods for "Molasses tobacco."

16. On information and belief, Fantasia does not use the mark in commerce on or in connection with empty cartomizer or with empty cigarette refill cartridges. On information and belief, Fantasia uses the mark in commerce with disposable, filled "cartomizers" or "cigarette refill cartridges." Since the said cartomizers are disposable, on information and belief, the cartomizers are not "sold empty."

17. A screenshot taken on September 13, 2020, for the search result for "cartomizer" on Fantasia's website shows that all cartomizers sold by Fantasia, including those use in commerce on or in connection with the mark ICE, are part of the Fantasia E-Bowl system:



18. A screenshot taken on September 13, 2020, regarding the Fantasia E-Bowl Kit system on Fantasia's website shows that the Fantasia E-Bowl Kit works with disposable cartomizers:





# Fantasia E-Bowl Kit

The **Fantasia Electronic Bowl** replaces your typical tobacco filled hookah bowl, foil, and charcoal. An E-Bowl is a rechargeable battery-powered device that converts liquid (E-Liquid) into a mist of vapor. E-Bowls work exactly like a large vapor pen. **Disposable Fantasia E-Bowl Cartridges filled with Fantasia E-Liquid are inserted into the E-Bowl** and then placed on any existing hookah water pipe and is ready for use.

**Indoor/Outdoor Solution** — The Fantasia E-Bowl and Cartridges provide a **solution for hookah lounges, night clubs, and consumers** who are looking to the keep the tradition and experience without having to use tobacco and charcoal.

*Rechargeable E-Bowl Unit
*Disposable Cartomizers
*No Charcoal
*No Tobacco

<u>Nicotine Levels:</u>
**0MG Nicotine**
**3MG Nicotine**

19. On information and belief, the Fantasia E-Bowl Kit uses disposable cartomizers and therefore the cartomizers are not "sold empty" as Fantasia declared in its declarations to the Patent and Trademark Office.

20. Whether the goods sold in commerce or in connection with the marks are the same as those listed in the trademark registration would be material to the question of whether and how the term "ICE" was used by Fantasia in commerce, as well as to the validity of the Fantasia's registration.

59

21. If, as believed, Fantasia does not sell goods containing Molasses Tobacco nor sell empty cartomizers, this material information should have been disclosed to the USPTO.

22. If, as believed, Fantasia intentionally withheld such material information from the USPTO in its Section 8 & 15 for 4,600,173 and therefore Fantasia's Section 8 & 15 for the ICE Registration should be voided.

23. Furthermore, the registration creates a legal presumption that Fantasia has valid and exclusive rights in the mark for goods identified in the Registration.

24. For the reasons set forth above, Fantasia is not entitled to the registration or to the legal presumption that the registration creates.

25. The continued presence of the Registration on the federal trademark register constitutes an obstacle to Defendant/Counterclaimant Plaintiff intended use of the term "ICE" in future products and in marketing materials or keywords. The registration, thus, is causing injury and damage to Defendant/Counterclaimant Plaintiff.

**COUNT II**
**CANCELLATION OF FEDERAL TRADEMARK REGISTRATIONS**
**FOR GENERICNESS**
**15 U.S.C. § 1119**

26. Defendant/Counterclaimant Plaintiff incorporates the allegations of Paragraph 1 through 25 of the Counterclaims as if fully set forth herein.

27. The words "ice" and "iced" are generic term to describe minty or menthol flavors.

28. Hundreds of tobacco, e-juice, and e-cigarette manufacturers use the terms "ice" and "iced" to functionally describe a flavor as bring a menthol flavor.

29. The word "ice" has no significance as a source identifier in the tobacco or e-cigarette industry. Rather, the primary significance to the public of the terms "ice" and "iced" is to identify an attribute of the product they are purchasing.

30. The purchasing or consuming public for e-cigarettes or e-juice use and understand the terms "ice" and "iced" to refer to the genus or sub-genus of e-cigarette or e-juice goods, or a key aspect of e-cigarette or e-juice goods.

31. An actual and justiciable controversy exists between Defendant/Counterclaimant Plaintiff and Fantasia, because Fantasia has sued Defendant/Counterclaimant Plaintiff over their use of the word "Iced." An actual controversy further exists concerning whether this lawsuit was filed for improper purposes, including to hinder lawful competition from Fantasia's competitors, which include Defendant/Counterclaimant Plaintiff.

32. Pursuant to 15 U.S.C. § 1119, in any action involving a registered mark the Court may, *inter alia*, determine the right to registration and order the cancellation of the registrations of any party to the action.

33. Pursuant to 15 U.S.C. § 1064, Fantasia's ICED Registrations are invalid and subject to cancellation because the marks registered thereunder are generic.

## COUNT III
## CANCELLATION OF FEDERAL TRADEMARK REGISTRATION 4,600,173 BASED ON LACK OF SECONDARY MEANING

34. Defendant/Counterclaimant Plaintiff incorporates the allegations of Paragraph 1 through 33 of the Counterclaims as if fully set forth herein.

35. If the Section 8 & 15 Declaration filed for 4,600,173 is invalid, then Defendant/Counterclaimant Plaintiff seeks to cancel the Registration No. 4,600,173 for "ice" on the grounds that the registration is void because it is descriptive and has not acquired secondary meaning.

36. The words "ice" cannot be trademarked because it is generic and descriptive. "ice" is often used to describe a feature, such as a flavor, thus, such generic and descriptive terms cannot be subject to a trademark.

37. Plaintiff's goods are literally smoking tobaccos which have "ice" flavor.

38. Ice is descriptive of various goods in the marketplace which have an icy flavor, for example, lip balm, cookies and chewing gums.

39. As a result, the term ICE is descriptive of a feature of the applicant's goods and Plaintiff's registration should be canceled from the Principal Register because it is descriptive and has not acquired secondary meaning.

40. For the reasons set forth above, Applicant is not entitled to the Registration.

41. The continued presence of the Registration on the federal trademark register constitutes an obstacle to Defendant/Counterclaimant Plaintiff' intended use of the term "ice" in future goods and in marketing materials or keywords. The Registration, thus, is causing injury and damage to Defendant/Counterclaimant Plaintiff.


## PRAYER FOR RELIEF

WHEREFORE, Defendant/Counterclaimant Plaintiff demands judgment in its favor and against Fantasia as follows:

1. Dismiss the Plaintiff's Complaint against Defendant/Counterclaimant Plaintiff with prejudice;

2. Declare, adjudge, and decree that U.S. Trademark Registration Nos. 3,998,201 and 4,600,173 are invalid;

3.   Order that U.S. Trademark Registration Nos. 3,998,201 and 4,600,173 be canceled, and certify that Order by the Court to the Director of the U.S. Patent & Trademark Office in accordance with 15 U.S.C. § 1119;

4.   Declare, adjudge, and decree that Defendant/Counterclaimant Plaintiff' past use of the words "ice" or "iced" and "pink lemonade" has not infringed on the legal rights of Fantasia;

5.   Declare that this is an "exceptional case" that warrants an award of attorney's fees against Fantasia; and

6.   Award Defendant/Counterclaimant Plaintiff such other and further equitable relief as the Court may deem just and proper.


Dated: November 20, 2020                      /s/ Robert J. Basil
                                              _____
                                              ROBERT J. BASIL, ESQ.
                                              THE BASIL LAW GROUP, P.C.
                                              32 East 31st Street, 9th Floor
                                              New York, New York 10016
                                              (917) 994-9973

                                              ALEXANDER CHEN, ESQ.
                                              INHOUSE CO. LAW FIRM
                                              7700 Irvine Center Drive, Suite 800
                                              Irvine, California 92618
                                              (714) 932-6659