UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------X

Fantasia Distribution Inc.,

                 *Plaintiff*,

    -against-

Magellan Technology Inc., et al.,

                 *Defendant*.
----------------------------------------X

**ORDER**

20-CV-4340(KAM)(VMS)

**KIYO A. MATSUMOTO, United States District Judge:**

    Plaintiff Fantasia Distribution Inc. brought this action against Indigo Distribution, Puff E-Cig Inc., and Smoke Tokes LLC (collectively, "Defendants")[1], alleging violations of the Lanham Act, 15 U.S.C. § 1051 et seq., and unfair competition under New York Law. (ECF No. 1, Complaint (Compl.") at 3.) Presently before the Court is Plaintiff's motion for default judgment against Defendants. Because Plaintiff's motion for default judgment has not established damages to a "reasonable certainty," as required by the United States Court of Appeals for the Second Circuit,

---

[1] Plaintiff also brought claims against fourteen other defendants: Magellan Technology, Inc.; Orient Distribution, Inc.; Vape Ezee, LLC; US Global Imports, Inc.; World Wide Vape Distribution; ECS Global LLC; AK Wholesale, Inc.; LA Vapor, Inc.; DemandVape; Eliquidstop, LLC; Midwest Distribution Illinois USA; IE Vapor, Inc.; HS Wholesale; and Adalya, Inc. (ECF No. 1, Complaint, at 3.) Plaintiff's motion for default judgment, however, concerns only defendants Indigo Distribution, Puff E-Cig Inc., and Smoke Tokes LLC. (ECF No. 110, Motion for Default Judgment.)

Plaintiff's motion is DENIED without prejudice.  *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999).

A plaintiff bears the burden of proving damages, which may take the form of documentary evidence, detailed affidavits, or testimony at an inquest.  *See Mister Softee, Inc. v. Diaz*, No. 19-cv-4857 (LDH) (PK), 2020 WL 5665240, at *3 (E.D.N.Y. July 2, 2020), *report and recommendation adopted*, No. 19-cv-4857 (LDH) (PK), 2020 WL 5658722 (E.D.N.Y. Sept. 22, 2020).  Section 35 of the Lanham Act governs the types of monetary relief available in trademark infringement cases and authorizes the plaintiff "to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action" where a plaintiff can establish a violation of his rights as a registered trademark holder.  15 U.S.C. § 1117(a); *see also BBK Tobacco & Foods, LLP v. Galaxy VI Corp.*, 408 F. Supp. 3d 508, 521-22 (S.D.N.Y. 2019).  Because a court cannot "just accept [a plaintiff's] statement of the damages," *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)—and because Plaintiff provided no documentary evidence to establish damages other than Plaintiff's counsel's affidavit, which was not based on personal knowledge—this Court concludes that Plaintiff has failed to prove the alleged damages to a "reasonable certainty." *Credit Lyonnais*, 183 F.3d at 155; *see ECenturion, Inc. v. Long Beach Co.*, No. 06-cv-5913 (DRH) (AKT), 2012 WL 3597583, at *2 (E.D.N.Y. July 12,

2012) ("[A]n attorney declaration setting forth the basis for the amounts owed and attaching certain documents . . . was not provided by an individual with first-hand knowledge of the Company's business and was therefore insufficient to establish that a sum certain was owed.").

Accordingly, this Court DENIES without prejudice Plaintiff's motion for default judgment against Defendants.  If Plaintiff intends to proceed with a motion for default judgment, Plaintiff shall, within twenty-one (21) days of the date of this Order, move for default judgment and upload supporting submissions including a certificate of service on the defaulting party and affidavits or documentary evidence establishing damages as to each Defendant. Plaintiff's counsel shall submit a memorandum of law supporting the claim for trademark damages and is respectfully advised that any affidavits submitted in support of the motion for default judgment must be based on personal knowledge. *See, e.g., E. Reg'l Med. Ctr., Inc. v. Santos*, No. 13- cv-4680 (SLT) (VVP), 2014 WL 1348012, at *2-3 (E.D.N.Y. Apr. 3, 2014) (denying default judgment where plaintiff only submitted an affidavit from plaintiff's counsel and directing plaintiff to submit an affidavit with personal knowledge of the basis for damages sought). Plaintiff is directed to serve a copy of this Order on Defendants and note service on the docket.

Failure to comply with this Court's Order within 21 days may result in dismissal of this action for failure to prosecute and failure to comply with court orders as provided in Federal Rule of Civil Procedure 41(b).


**SO ORDERED**

Dated:     March 23, 2023
           Brooklyn, New York

_____
**HON. KIYO A. MATSUMOTO**
United States District Judge
Eastern District of New York